IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL VARELA, § | | |
| #43822-280, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-0933-P (BK) | |
| § | (3:01-CR-0271-P(01)) | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

## I. BACKGROUND

This is a *pro se* petition for a writ of error *coram nobis* filed by a litigant previously convicted and sentenced in this court. Petitioner is presently confined at a facility run by the GEO Group in Del Rio, Texas. Respondent is the United States of America. The court did not issue process in this case, pending preliminary screening. On July 7, 2010, the court issued a magistrate judge's questionnaire (MJQ) to Petitioner to obtain information about the factual basis of his suit. Petitioner answered the questionnaire on July 27, 2010.[1]

Petitioner pled guilty to one count of bank fraud and was sentenced to 27 months' imprisonment, a five-year term of supervised release, and restitution in the amount of $36,300.

---

[1] Petitioner initially filed a petition for writ of mandamus and a motion to correct writ of mandamus and seek *coram nobis* relief in *United States v. Varela*, 3:01-CR-271-P (N.D. Tex., Dallas Div., Apr. 15 and 19, 2010) (Doc. #125-126). On May 7, 2010, the District Court ordered the clerk to docket the petition for writ of mandamus, construed as petition for writ of error *coram nobis*, as a new civil action because Petitioner had fully served his sentence in No. 3:01-CR-271-P. *Id.* (Doc. #127). Petitioner subsequently paid the $5.00 filing fee.

*See United States v. Varela*, 3:01-CR-271-G (N.D. Tex., Apr. 3, 2002), *app. dism.*, No. 02-10458 (5th Cir. 2003) (citing *Anders v. California*, 386 U.S. 738 (1967)). After serving his sentence, Petitioner was deported to Mexico. He re-entered shortly thereafter and was charged with illegal re-entry after deportation. *See United States v. Varela*, 3:04-CR-143-P (N.D. Tex.). A motion to revoke his supervised release was also filed in No. 3:01-CR-271-G, which subsequently was transferred to District Judge Jorge A Solis.

On January 21, 2005, the District Court revoked Petitioner's supervised release in No. 3:01-CR-271-P, and sentenced him to ten months' imprisonment, to run consecutively to the 38-month sentence imposed on the same day for the illegal re-entry conviction in No. 3:04-CR-143-P. The U.S. Court of Appeals for the Fifth Circuit dismissed the appeal from the revocation in light of *Anders*, and affirmed the illegal re-entry conviction. *See United States v. Varela*, Nos. 05-10144 (5th Cir. Feb. 24, 2006), and 05-10206 (5th Cir. Jan. 10, 2006).

Thereafter, Petitioner unsuccessfully filed a petition for writ of error *coram nobis* and a motion to vacate sentence with respect to his conviction in No. 3:01-CR-271-P. *See Varela v. United States*, No. 3:04cv2744-P (N.D. Tex. Jul. 24, 2006) (dismissing the section 2255 motion as time-barred and the *coram nobis* petition for want of jurisdiction). On December 4, 2008, Petitioner filed a motion alleging ineffective assistance of counsel and requesting to overturn his sentence in No. 3:01-CR-271-P. Construing it as a successive section 2255 motion, the District Court dismissed it for lack of jurisdiction because Petitioner had not received prior authorization for filing from the Fifth Circuit. *See Varela v. United States*, 3:08-CV-2244-P (N.D. Tex. Dec. 19, 2008).

In this case, Petitioner alleges in a conclusory fashion that he is entitled to a writ of error

*coram nobis*. He primarily seeks to challenge his conviction in No. 3:01-CR-271-P on the grounds that (1) his sentence and supervised release were unconstitutional in light of *United States v. Booker*, 543 U.S. 220 (2005), (2) counsel rendered ineffective assistance at sentencing, and (3) the indictment was defective.

## II. ANALYSIS

A writ of error *coram nobis* is an "extraordinary remedy" intended to achieve justice when "errors of the most fundamental character" have occurred in a criminal proceeding. *United States v. Morgan*, 346 U.S. 502, 511-12 (1954) (citing *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *see also United States v. Denedo*, ___ U.S. ___, 129 S. Ct. 2213, 2220-22 (2009). It is available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989) (citations omitted); *see also United States v. Castro*, 26 F.3d 557, 559 n. 3 (5th Cir. 1994). The remedy of *coram nobis* "should issue to correct only errors which result in a complete miscarriage of justice." *Marcello*, 876 F.2d at 1154 (citing *Morgan*, 346 U.S. at 512). A writ of *coram nobis* cannot be issued without a findings of "sound reasons" for not seeking relief earlier. *See Dyer*, 136 F.3d at 422 ("The writ will issue only when no other remedy is available and when 'sound reasons exist[] for failure to seek appropriate earlier relief.'" (quoting *Morgan*, 346 U.S. at 512 (alteration in original)).

Although Petitioner is no longer in custody on his conviction in No. 3:01-CR-271-P, he

cannot satisfy either prong of the test for a writ of error *coram nobis*. He fails to demonstrate that his conviction in No. 3:01-CR-271-P involved an error of a fundamental character resulting in a complete miscarriage of justice. Instead, Petitioner reasserts previously-rejected challenges to his underlying criminal conviction and sentence in No. 3:01-CR-271-P. (*Coram Nobis* Petition at 2; MJQ Answer 4.) This court and the court of appeals have previously rejected claims challenging Petitioner's conviction in No. 3:01-CR-271-P and affirmed his sentence. Conclusory arguments in support of *coram nobis* relief fail to meet Petitioner's burden of proof. *See Beadles v. United States*, 95 Fed. Appx. 549, at 1 (5th Cir. Apr. 21, 2004) ("conclusory arguments, which are not supported by any record evidence, do not establish the exceptional circumstances warranting *coram nobis* relief." ). Moreover, Petitioner has not alleged any civil disabilities stemming from his conviction in No. 3:01-CR-271-P. (MJQ Answer 6.) Therefore, his petition for writ of error *coram nobis* lacks any merit and should be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of error *coram nobis* be **DENIED**.

SIGNED August 2, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE